UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETH ROSENTHAL, Administrator of the Estate of Paula Fruchtman, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>SUNRISE CREDIT SERVICES, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>CIVIL ACTION<br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff, BETH ROSENTHAL, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above- named Defendants, SUNRISE CREDIT SERVICES, INC., (hereinafter "SUNRISE") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and provide debtors with a private cause of action against debt collectors who fail to comply with the Act.

*See* 15 U.S.C. 1692 *et seq.* Rosenau v Unifund Corp., 539 F.3d 218, 221 (3rd Cir. 2008); Brown v. Card Service Center, 464 F.3d 450, 453 (3rd Cir. 2006).

3. Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See* Brown, 464 F.3d at 453; Matter of Stroh v Director, OWCP, 810 F.2d 61, 63 (3rd Cir. 1987).

4. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

5. The FDCPA is not concern with whether the consumers owes the debt, rather, "[a] basic tenet of the ACT is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d. Cir 2007)(internal citations omitted).

6. "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

7. Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even through no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (1026) citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25, 118 S.Ct. 1777, 141 L.Ed.2d 10.

10. Plaintiffs seek statutory damages, attorney's fees, cists, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

12. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

13. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

14. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

15. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

16. SUNRISE is a foreign corporation with its primary offices located at 260 Airport Plaza Boulevard, Farmingdale, New York 11735.

17. Upon information and belief, SUNRISE is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

18. SUNRISE has attempted to collect a debt allegedly owed by the Estate of Paula Fruchtman to AT&T.

19. SUNRISE regularly used the United States Postage Service in its attempts to collect debts due to others.

20. SUNRISE is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

21. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

23. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who sent initial collection letters and/or notices from the SUNRISE concerning a debt owed or allegedly owed to ATT Mobility that contained at least one of the alleged violations arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*.

- <u>The class definition may be subsequently modified or refined</u>.
- The Class period begins one year to the filing of this Action.

24. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA including but not limited to: Section § 1692g et seq.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

25. Sometime prior to May 17, 2016, Paula Fruchtmen, allegedly incurred a financial obligation to ATT Mobility ("AT&T").

26. The AT&T obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27. The AT&T obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

28. AT&T is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

29. Paula Fruchtman died on August 29, 2015 in Morristown, New Jersey.

30. On October 26, 2015, Beth Aileen Rosenthal, was appointed by the Morris County Surrogate as the Administrator C.T.A. of the Estate of Paula Fruchtman.

31. On or before May 17, 2016, Paula Fruchtman's account with AT&T became past due and was in default.

32. On or before May 17, 2016, OPTIMUM placed Plaintiff's account with SUNRISE for the purpose of collection.

33. At the time AT&T placed Plaintiff's account with SUNRISE for the purpose of collection, the account was in default.

34. On or before May 17, 2016, SUNRISE caused to be mailed to Paula Fruchtman a letter attempting to collect the alleged AT&T debt. A copy of said letter is annexed hereto as <u>Exhibit A.</u>

35. Upon receipt, Plaintiff read said letter.

36. The front of the May 17, 2016 letter stated in part:

**WHEN YOU RECEIVE A COLLECTION NOTICE...**

    1.    **Don't get angry...** Your account came to us from someone who values your business.

    2.    **Communicate with us...** It will be helpful to you if you get actively involved.

    3.    **Let us help you...** Our people are experienced in credit and collection and are able to assist you if you let them.

....................
The toll-free number for your account representative is 844-705-0291.

    Sunrise Credit Services, Inc.
    MS. SARAH LEE

.....................

**THIS IS AN ATTEMPT TO COLLECT A DEBT
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

**PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION**

37. The reverse side of the May 17, 2016, letter stated in part:

**Call our toll free number 844-705-0291
Let our representatives help you pay your bill.**

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH VERIFICATION OR JUDGMENT. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

38. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Recovery Group, LLC*, 2013 WL765169 (3d. Cir. 2013).

### POLICIES AND PRACTICES COMPLAINED OF

39. It is SUNRISE's policy and practice to send initial written collection communications, in the forms annexed hereto as Exhibit A which violate the FDCPA, by *inter alia*:

(a) Including language or text that contradicts and/or overshadows the required debt collection notices;

(b) Using false representations or deceptive means to collect or attempt to collect any debt.

40. On information and belief, SUNRISE sent a written communication, in the form annexed hereto as Exhibit A to at least 50 natural persons in the State of New Jersey.

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692g *et seq.*

41. Plaintiff repeats the allegations contained in paragraphs 1 through 38 as if the same were set forth at length.

42. Collection letters and/or notices such as those sent by SUNRISE, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- (3)

>   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44. SUNRISE's letter to Plaintiff, dated May 17, 2016 contained the required validation notice on the back of the letter.

45. Directly above the validation notice on the back of the letter in bold font, Defendant instructed Plaintiff to "**Call our toll free number 844-705-0291**".

46. The toll free number of 844-705-0291 on the back of the letter directly above the validation notice, is the same toll free number listed on the font side of the May 17, 2016 letter, informing Plaintiff that, "The toll-free number for your account representative is 844-705-0291."

47. The least sophisticated consumer upon reading the May 17, 2016 letter from SUNRISE, will be confused as to the method required to effectively dispute the alleged debt.

48. Upon reading the May 17, 2016 letter from SUNRISE, the least sophisticated consumer would believe that she should choose either of the instructions as set forth direct above the validation notice to call the toll free number *or* write to SUNRISE at the address on the letter, to dispute the alleged debt.

49. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

50. SUNRISE violated Section 1692g et seq., of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

51. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

53. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

54. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

55. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

56. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of SUNRISE's actions, conduct, omissions and violations of the FDCPA described herein.

57. Plaintiff suffered an informational injury due to SUNRISE's violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

58. Plaintiffs suffered a risk of economic injury due to SUNRISE's violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

59. By reason thereof, SUNRISE IS liable to Plaintiff for declaratory judgment that SUNRISE's conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

60. Plaintiff repeats the allegations contained in paragraphs 1 through 59 as if the same were here set forth at length.

61. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. SUNRISE violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer that he can call either call the toll free number *or* write to SUNRISE at the address on the letter, to dispute the alleged debt, when in fact she must dispute the alleged debt in writing for the dispute to be effective.

63. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

64. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

65. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

66. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

67. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of SUNRISE's actions, conduct, omissions and violations of the FDCPA described herein.

68. Plaintiff suffered an informational injury due to SUNRISE's violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

69. Plaintiffs suffered a risk of economic injury due to SUNRISE 's violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

68. By reason thereof, SUNRISE is liable to Plaintiff for declaratory judgment that SUNRISE's conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Goldman, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Goldman to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 2, 2107

/s/ *Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 2, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

PO Box 9100
Farmingdale NY 11735-9100
CHANGE SERVICE REQUESTED

**Sunrise Credit Services, Inc.**
P.O. Box 9100
Farmingdale, NY 11735-9100
844-705-0291 • Fax: 631-501-8534

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

Hours: Mon. – Thurs. 8 AM – 11 PM EST
Fri. 8 AM – 9 PM EST • Sat. 8 AM – 4 PM EST

May 17, 2016

PAULA FRUCHTMAN

**Account Information**
Client: AT&T Mobility
Client Account #:
SCS Account #:

Account Balance:      $190.22

Balance Due:          $190.22

Use Your "Tax Refund" to Clear Up This Debt
Call Us. We're Happy to Help

Dear PAULA FRUCHTMAN:

WHEN YOU RECEIVE A COLLECTION NOTICE . . .

1. Don't get angry . . . Your account came to us from someone who values your business.
2. Communicate with us . . . It will be helpful to you if you get actively involved.
3. Let us help . . . Our people are experienced in credit and collections and are able to assist you if you let them.

We have included a return envelope for your convenience. For other convenient payment options, visit us on the internet at www.sunrisecreditservices.com or use our automated phone payment system at 877-447-4001, 24 hours a day, 7 days a week.

Experience has proven that collection efforts are necessary when a debtor does not respond. Therefore, your attention is important and may avoid further collection efforts.

The toll-free number for your account representative is 844-705-0291.
Sunrise Credit Services, Inc.
MS. SARAH LEE

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

131345351        PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION

R1ATT ⇓⇓    PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT. KEEP TOP PORTION FOR YOUR RECORDS.  ⇓⇓

---

Client: AT&T Mobility
Client Account #:
SCS Account #:

Account Balance:      $190.22
Balance Due:          $190.22

PAULA FRUCHTMAN

SUNRISE CREDIT SERVICES, INC.
PO BOX 9100
FARMINGDALE NY 11735-9100



R1ATT

Call our toll free number 844-705-0291
Let our representatives help you pay your bill.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THAT YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Here are some quick and easy ways.

- **AUTO PAY**
  Use our automated phone payment system at 877-447-4001, 24 hours a day, 7 days a week and pay with your check or credit card.
- **WESTERN UNION**
  Call 1-800-238-5772 for the nearest location. Go to your nearest **Western Union** location (check cashing store, supermarket or pharmacy) and identify yourself as a **"Quick Collect Customer."** Include the following information on the **"Quick Collect"** form:
  - Payable to:          Sunrise Credit Services
  - Code/Destination:    Sunrise, NY
  - Reference Number:    Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid, and money control number from the receipt the cashier gives to you. Within minutes, your account is paid.
- **MONEYGRAM**
  Call 1-800-926-9400. For the nearest locations, go to your nearest MoneyGram Agent (Travel Agencies, Currency Exchange)
  Complete the Blue Express Payment form, include our four digit receiver code **0332**.
  - Company:         Sunrise Credit Services
  - City/State:      Farmingdale, New York
  - Account Number:  Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid and confirmation number from the receipt the cashier gives to you.
- **CREDIT CARD / DEBIT CARD**
  Most accounts can be paid by a major credit card.
- **ACH**
  Automated Clearing House: Pay by phone and have the funds withdrawn from your checking or savings account.
- **BANK WIRE**

**Please make sure to reference your account number on any payment made.**

## CALIFORNIA
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest, or by using obscene language. Collectors may not use false or misleading statements, or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## COLORADO
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
Our resident office in Colorado is located at 700 17th Street, Suite 200, Denver, Colorado 80202…Mon – Fri  8am – 5pm.
Telephone Number: 866-436-4766. This office will accept payments and correspondence
For information about the Colorado Fair Debt Collection Practices Act, see WWW.COAG.GOV/CAR

## MASSACHUSETTS
*NOTICE OF IMPORTANT RIGHTS*
Our resident office in Massachusetts is located at (do not send correspondence or payments to this address) 49 Winter St. Weymouth, MA 02189. Mon. – Thur. 10am-3pm. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector.
This collection board is licensed by the collection service board, state department of commerce and insurance.

## MINNESOTA
This collection agency is licensed by the Minnesota Department of Commerce.

## NEW YORK
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1) Supplemental security income, (SSI);
2) Social security;
3) Public assistance (welfare);
4) Spousal support, maintenance (alimony) or child support;
5) Unemployment benefits;
6) Disability benefits;
7) Workers' compensation benefits;
8) Public or private pensions;
9) Veterans' benefits;
10) Federal student loans, federal student grants, and federal work study funds; and
11) Ninety percent of your wages or salary earned in the last sixty days.

## TENNESSEE
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

## UTAH
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.